THE OSCAR BARNETT FOUNDRY COMPANY

*v.*

THE IRONWORKS COMPANY and PAUL L. CROWE.

---

THE OSCAR BARNETT FOUNDRY COMPANY

*v.*

THE IRONWORKS COMPANY and BATTELLE & RENWICK.

[Submitted October 18th, 1912. Decided November 11th, 1912.]

The case of the *Oscar Barnett Foundry Co.* v. *Crowe, 80 N. J. Eq.* (*10 Buch.*) *112; affirmed, 80 N. J. Eq.* (*10 Buch.*) *258*, followed in these two suits against assigns of an alleged inventor or who took whatever rights they had in an invention with notice of complainant's prior contractual rights.

---

On final hearing on bill, answer, replication and proofs.

*Mr. Egbert J. Tamblyn,* for the complainant.

*Mr. Boyd McLean, Mr. Charles Young, Mr. Charles W. Fuller* and *Mr. W. D. Preble* (of the New York bar), for the defendants..

HOWELL, V. C.

These two cases were heard upon the same proofs. The bills were filed for the purpose of making effectual the terms of an agreement entered into between the complainant and Paul L. Crowe, dated January 29th, 1908, by which Crowe gave to the complainant the right to use and vend mechanical chain grate stokers made in accordance with certain inventions of the said Crowe mentioned in the agreement.

The suit against the Ironworks Company and Crowe prays for an injunction to restrain the defendants from representing the stokers manufactured and sold by the complainant as stokers manufactured by the Ironworks Company and from carrying on any business either in the name of the Ironworks Company or otherwise in violation of the said agreement, and for an accounting of profits unlawfully made by the two defendants in violation of the terms of the said agreement.

The other suit prays for an injunction against the Ironworks Company from manufacturing for and selling to Battelle & Renwick any mechanical chain grate stokers embodying the features set forth in the applications for patents mentioned in the said agreement, and that Battelle & Renwick may be enjoined from installing and operating any such stokers purchased from the Ironworks Company embodying the said features, together with a prayer for an accounting for profits.

In May, 1909, the complainant brought suit in this court against Paul L. Crowe alleging the existence of this same agreement which is set out in the present cases and praying that Crowe might be enjoined from manufacturing and selling to the Commercial Trust Company of Jersey City a mechanical chain grate stoker embodying the features set forth in the said agreement, and for an accounting for profits. This cause was heard and a decree entered in April, 1911, adjudicating that the defendant Crowe in building the mechanical chain grate stoker mentioned in the bill of complaint violated his contract with the complainant and directing the defendant to pay the sum of $188.04 as profits derived by him from the violation of the said contract. This decree was affirmed on appeal upon the ground taken below, viz., that the defendant Crowe having represented that the in-

ventions for which he had applied for patents were valid, and having made a transfer to the complainant of the right to manufacture mechanical chain grate stokers in accordance with the claims set out in the applications, had no right to violate his contract, without regard to the United States patent laws, and that while under the circumstances of the particular case an injunction could not issue, yet that he was liable for all the profits arising out of his violation of the said agreement.

After the filing of the bill in the original case the defendant Crowe and others interested with him in the exploitation of his supposed invention organized the Ironworks Company and transferred certain of his rights to the company. In my opinion this company was organized under such circumstances as to charge it with notice of Mr. Crowe's violation of his agreement with the complainant and the bringing of the suit of 1909 therefor. I am likewise of opinion, notwithstanding the strong assertions to the contrary, that whatever rights were transferred to the Ironworks Company, included all the rights which had previously been transferred to the complainant. The testimony of Mr. Everett, a witness for the complainant, is full and complete on this point, and satisfies me of the correctness of the complainant's contention that the manufacture of mechanical chain grate stokers by the Ironworks Company is a violation of the complainant's rights. In short, the very moment I became satisfied of the identity of the stokers manufactured by the Ironworks Company with those manufactured by the complainant, it became evident that under the prior decision of the court of errors and appeals there was a violation of the original agreement, notice of which I have already charged up against the Ironworks Company. It is perfectly manifest that the stokers which have been and are being made by the Ironworks Company are identical with those made by the complainant. In fact, the defendant in its advertisements presents photographs of stokers that were actually made and installed by the complainant. There can be no doubt whatever about the identity of the two machines, nor is there in my mind any doubt whatever of the result of the action of these defendants. It is a clear effort to get rid of the obligation of the original contract, and an impudent attempt on the part of Crowe

to avoid liability thereunder. It was argued for the defendants that inasmuch as patents were not granted on all the claims made in the applications mentioned in the original agreement, it was open to everybody to manufacture in accordance with the claims thus ignored; that is entirely true so far as non-contractors are concerned, but it is not true so far as Crowe and his assign, the Ironworks Company, are concerned. They are bound by a contract which has been sustained as to Crowe to its fullest extent, and which may not now be violated by him or his assigns with impunity. Again it is said that the defendants to these suits are not liable to account to the complainant for the profits accruing from the manufacture and use of these appliances. It has already been held by the court of errors and appeals that Crowe is liable to an accounting, and I do not see how he can evade the same result in this case; and upon the same footing I do not see how the Ironworks Company can escape, upon the ground that that company is an assign of Crowe with full notice of his duties and liabilities; and upon the same theory the Battelle & Renwick Company would be liable from the time when they first had notice of the complainant's rights. *Vulcan Detinning Co.* v. *American Can Co., 75 N. J. Eq. (5 Buch.) 542.*

There remains the question of enjoining these parties from further violation of the complainant's rights, and I see no reason why they should not be so enjoined. If the parties defendant to this litigation can by the mere manipulation of documents escape all liability under contracts made by them or of which they have knowledge, we might as well abolish the law of contracts or abrogate all remedies for breach thereof. This case is a peculiar and specific instance of the necessity of rules of law upholding contracts and protecting people in the enjoyment thereof, and I know of no way by which the complainant may be protected in this matter except by enjoining Crowe and the Ironworks Company from further violation of the fundamental agreement in accordance with the prayer of the bill in that behalf.

Battelle & Renwick made their contract for the stoker which is mentioned in the bill with full knowledge of the right claimed by the complainant, and that the complainant had brought suit to enforce the same. They, therefore, took their chances with

Crowe and the Ironworks Company, and in my opinion it would be violative of every principle of honesty, equity and good morals to allow them to reap any advantage whatever from the situation. The prayer of the bill as against them is that they may be enjoined from operating this chain grate stoker. I think that they should be so enjoined. There seems to me to be no other way of enforcing the complainant's right.

I will advise a decree in accordance with these views. The defendants should be required to pay costs; in so far as any of the proceedings were taken for the benefit of both causes, the taxable costs in relation thereto will be equally divided between them.